OLDENBURG *et al. v.* NEW YORK CENT. & H. R. R. CO.

(*Superior Court of Buffalo, General Term.*   October 30, 1890.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS.

In an action against a railroad company for the alleged negligent killing of plaintiff's intestate, it appeared that three of defendant's tracks, guarded by gates, crossed a street at the place of the accident. A train standing on the middle track

obstructed the view of the third track. When deceased arrived at the crossing, the gates were closed for a passing train. He waited for the gates to open; and, just after passing the middle track, he was struck by an engine and tender backing at an unlawful rate of speed down the third track, and concealed from view by the standing train. *Held*, that the question of defendant's negligence was for the jury, and that the court properly refused to direct a verdict for defendant.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Deceased, having waited for the gates to open, and seeing a team enter the opposite side of the crossing, had a right to take it for granted that the crossing was safe; and his failure, after passing the standing train, to stop and look both ways is not such conclusive evidence of contributory negligence as will warrant the court in taking the case from the jury.

3. SAME—EVIDENCE.

Evidence as to the appearance of the injuries of deceased when he was taken out from under the engine is admissible as a statement, in part, of the accident, and also as a means of determining, from the character of the wounds, his position when struck by the engine.

4. SAME—RATE OF SPEED—CITY ORDINANCE—PLEADING AND PROOF.

An ordinance limiting the rate of speed of trains within the city limits, though not pleaded, is admissible in evidence to show that the train was running at an unlawful rate of speed.

5. SAME—RULES OF COMPANY.

Where, on cross-examination of the fireman on the engine causing the accident, plaintiff has called out the fact that several persons were allowed to get on the engine shortly before the accident, plaintiff, in order to ascertain whether the fireman's attention had not been diverted from his duties, may further ask whether this was not forbidden by defendant's rules, though the rules themselves are the best evidence.

Appeal from trial term.

Action by Sophia Oldenburg and others, administrators, etc., of Charles Oldenburg, deceased, against the New York Central & Hudson River Railroad Company, for negligently causing the death of said Charles Oldenburg. There was a verdict for plaintiff for $2,500, and defendant's motion for a new trial was denied. For the opinion of BECKWITH, C. J., in denying the motion, see 9 N. Y. Supp. 420. From the order denying the motion for a new trial, and from the judgment for plaintiff entered on the verdict, defendant appealed.

Argued before TITUS and HATCH, JJ.

*McMillan, Gluck & Pooley*, for appellant. *Henry E. Warner*, for respondents.

TITUS, J. This is an appeal from an order denying a motion for a new trial, and from a judgment entered on the verdict of a jury. We think the questions raised in this case were properly disposed of by Judge BECKWITH, in his opinion on the motion for a new trial. The question of the negligence of the plaintiffs' intestate, and whether, under all the circumstances of the case, he acted as a reasonably prudent man would have done, was properly left to the jury. It is manifest that by reason of the dead cars standing on the middle track, close up to the sidewalk, his view of the approaching engine was obstructed, and he could not with safety have stopped after passing these cars to look. The space between the standing cars and the cross-bar of the tender was little more than two feet, and whether, in the confusion caused by the noise of passing trains, and the hallooing of the gateman, not knowing from whence the immediate danger could be expected, he acted with due care, was a question for the jury to determine. The judgment should therefore be affirmed, with costs.

HATCH, J., was for affirmance, for reason stated as above, and upon the opinion of BECKWITH, C. J., in denying motion for new trial.